Salem

RANDY CRAIG RICHARDS

v.

COMMONWEALTH OF VIRGINIA

No. 1466-92-3

Decided April 19, 1994

COUNSEL

Maureen L. White, for appellant.

Janet F. Rosser, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

KOONTZ, J.—Randy Craig Richards (Richards) appeals his conviction in a bench trial for carrying a concealed weapon, third offense, in violation of Code § 18.2-308. Richards contends that the trial court erred in finding that the knife he was carrying, though visible by common observation, was concealed because it was deceptive in appearance. We agree and reverse Richards's conviction.

At trial, Officer B.L. Royer (Royer) of the Lynchburg City Police Department testified that, while investigating an assault in which Richards was the victim, Royer observed an object sticking one-half to three-quarters of an inch out of Richards's right back pants pocket. Royer further testified that he did not know what the object was and asked Richards to identify it. When Richards told Royer that the object was a knife, Royer asked Richards to remove it from his pocket. Royer identified that object, presented as a Commonwealth's exhibit, as a spring-blade knife.[1] When Richards removed it from his pocket, the blade was extended. On cross-examination, Royer testified that, at the time of the arrest, the spring mechanism on the knife was inoperable.

After closing argument, the trial court ruled that the knife was not carried so as to be hidden from common observation. None-

---

[1] Under normal circumstances, weapons and other contraband are retained by the trial court when the record is forwarded to this Court on appeal. In this instance, because the nature of the weapon was central to the issue on appeal, the weapon was forwarded to the Court of Appeals upon Richards's motion and was available for the panel to examine.

theless, the trial court further ruled that the knife was of such deceptive appearance as to disguise the weapon's true nature, rendering it concealed under the statute. The court sentenced Richards to two years in prison suspended on the condition that Richards spend one weekend in jail and be of good behavior.

■ In this Commonwealth, a person is prohibited from carrying "about his person, hidden from common observation . . . (ii) any dirk, bowie knife, switchblade knife, [or] ballistic knife . . . or (v) any weapon of like kind . . . . [A] weapon shall be deemed to be hidden from common observation when it is observable but is of such deceptive appearance as to disguise the weapon's true nature." Code § 18.2-308(A). "The purpose of the statute was to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use." *Schaaf v. Commonwealth*, 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979).

■ We have not before had occasion to address the question of whether "hidden from common observation" requires the weapon to be totally hidden from view. The majority of other state jurisdictions holds that a weapon may be concealed although technically visible and that such determination is a matter for the trier of fact. *See, e.g., People v. Charron*, 220 N.W.2d 216, 218 (Mich. Ct. App. 1974) (even though blade of knife protruding from defendant's rear pocket was visible to police officers when defendant was in the act of sitting down or standing up, a question of fact existed as to whether there was concealment of the weapon within meaning of criminal statute); *McKee v. State*, 488 P.2d 1039, 1042-43 (Alaska 1971) (weapon is concealed if it is hidden from ordinary observation, and need not be absolutely invisible to other persons, but the jury must be instructed as to this definition). In this instance, the trial judge made a factual finding that the weapon was not hidden from common observation and, therefore, not concealed under the first definition of that term found in the Code. Under well accepted principles of appellate review, *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987), we accept that finding of fact. Accordingly, this case does not present us with an opportunity to define the limits of the phrase "hidden from common observation."

At trial, the Commonwealth argued that the statute was nonetheless applicable because the "weapon's true nature" was dis-

guised because it was a "ballistic knife." The Commonwealth asserts on brief that Richards "did not contend at trial nor does he argue on appeal, that the knife he possessed was incorrectly characterized as a ballistic knife." Contrary to this assertion, the record clearly reflects that at trial Richards opposed the use of that characterization. Moreover, the characterization of the weapon is a central issue of this appeal.

■ In any case, the trial court did not affirmatively find that the weapon was a ballistic knife. Rather, the finding was that the weapon was a "spring knife." A "spring knife" could be either a ballistic knife or a switchblade knife. A ballistic knife is defined by statute as "any knife with a detachable blade that is propelled by a spring-operated mechanism." Code § 18.2-308(E). The record clearly reflects that Richards's knife was not a ballistic knife. The blade was not detachable. In addition, the spring-operated mechanism, had it been operable, could not have propelled a detachable blade.

■ Similarly, the evidence does not support a finding that the weapon was a *functional* switchblade. A switchblade knife is a knife with a blade that opens automatically by operation of inertia, gravity, or both upon the release of a spring mechanism. *See In re John Doe*, 828 P.2d 272, 273-74 (Haw. 1992). The spring mechanism of Richards's knife was inoperable and the blade, which was fixed in the extended position, could not be moved. Accordingly, the trial court erred in finding that the weapon was a "spring knife," regardless whether that term was meant to refer to a ballistic or switchblade knife.

The trial court ruled that the handle of the "spring knife" was deceptive in its appearance so as to disguise the true nature of the knife and based the determination of guilt on that finding. As it is clear that the trial court based its determination of guilt on its mistaken belief that Richards carried a "spring knife," we hold that the trial court's determination of guilt is not supported by the evidence.

The facts of this case do not present the question whether a *functional* ballistic knife or switchblade is *per se* deceptive in appearance so as to disguise the weapon's true nature. Nor do the facts involve a knife of unusual appearance, such as a belt buckle knife, a fountain pen knife, a swagger stick knife, or some other

knife of inherently deceptive design. Accordingly, Richards's weapon, to be subject to the statute, must be classified as either a dirk or a bowie knife or a weapon of a like kind.[2] Code § 18.2-308(A).

An examination of the weapon's blade reveals that it most closely resembles a dirk. Clearly, it is a weapon of like kind contemplated in the statute. Nothing about the appearance of the handle suggests that it is anything other than a knife. We hold that where, as here, the weapon from common observation is just as it appears, a dirk or weapon of like kind, it cannot be said to be "of such deceptive appearance as to disguise its true nature." Accordingly, Richards cannot be said to have concealed the weapon under either provision of the statute defining the term "hidden from common observation."

For these reasons, we reverse Richards's conviction and dismiss the charge against him.

*Reversed and dismissed.*

Benton, J., and Willis, J., concurred.

---

[2] The terms "dirk" and "bowie knife" are not defined by the statute, nor has any appellate decision in this Commonwealth clarified the difference. We assume that the two terms have their usual meaning. A "dirk" or weapon of like kind is any stabbing weapon having two sharp edges and a point, including daggers, short swords and stilettos. A "bowie knife" or weapon of like kind is any stabbing weapon having a single sharp edge, a dull or serrated flat edge and a point, such as a hunting knife, a fishing knife or a survivalist's knife. It is generally agreed that in using such terms, legislatures intend to exclude from concealed weapons statutes innocuous household and industrial knives which may be carried for legitimate purposes. The determination of whether a particular knife falls within the meaning of a term used in the statute is a question of fact determined by the trier of fact according to the circumstances of the case. *See, e.g., People v. Barrios*, 8 Cal. Rptr. 2d 666, 667-68 (Cal. Ct. App. 1992) (holding that a common bread knife was not a dirk); *Commonwealth v. Miller*, 497 N.E.2d 29, 29-30 and n.1 (Mass. App. Ct. 1986) (holding that a closed pocketknife was not a dirk). *Compare Armendariz v. Texas*, 396 S.W.2d 132 (Tex. Crim. App. 1965) (pocketknife in a locked-open position, was a dagger) *with Bacon v. State*, 586 A.2d 18 (Md. 1991) (penknife did not lose identity as penknife by blade being opened and locked).