COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


ALLEN DELCID
                                        OPINION BY
v.   Record No. 1994-98-4       JUDGE JERE M. H. WILLIS, JR.
                                        MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
               Benjamin N. A. Kendrick, Judge

          Robert W. Gookin for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his conviction in a bench trial of carrying

a concealed weapon after having been previously convicted of a

felony, in violation of Code § 18.2-308.2, Allen Delcid contends

that the trial court erred in holding that the knife he carried

fell within the definition of a concealed weapon.  See Code

§ 18.2-308(A).  Finding no error, we affirm the judgment of the

trial court.

     Code § 18.2-308.2(A) provides, in relevant part:

          It shall be unlawful for (i) any person
          who has been convicted of a felony . . . to
          knowingly and intentionally carry about his
          person, hidden from common observation, any
          weapon described in § 18.2-308 A.

     Code § 18.2-308(A) forbids carrying about the person,

hidden from common observation, "any dirk, bowie knife,

switchblade knife, ballistic knife, razor, slingshot, spring stick, metal knucks, or blackjack; . . . or . . . any weapon of like kind . . . ."  Code § 18.2-308(A).

Upon arresting Delcid, a previously convicted felon, for another offense, the police discovered upon his person, hidden from common observation, a "butterfly knife."  The knife is not described in the record.  However, it was displayed before the trial court, was received as an exhibit, and is physically a part of the record.  We have examined it.  The knife consists of a single blade with a two-part hinged handle, which folds to enclose the blade.  A person holding one part of the closed handle can flip the other part open, leaving the blade exposed and locked, thus creating a straight-bladed knife approximately nine inches long.  The blade is four inches long, with a sharp point.  One edge of the blade is sharpened.  The other is not.

The Commonwealth contended at trial that the knife was a dirk or a weapon of like kind.  In Richards v. Commonwealth, 18 Va. App. 242, 246 n.2, 443 S.E.2d 177, 179 n.2 (1994), we defined a dirk as "any stabbing weapon, having two sharp edges and a point, including daggers, short swords, and stilettos." The trial court ruled that the knife was "a dirk with one side . . . a one-sided, sharp edge of a dirk [which] falls within the statute that says any weapon of like kind . . . ."  Delcid argues on appeal that the knife could not be a dirk, because it

-

had but one sharp edge and was thus excluded from the definition of a dirk set forth in Richards.

"The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "The determination of whether a particular knife falls within the meaning of a term used in the statute is a question of fact to be determined by the trier of fact." Richards, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2.

The knife does not fit the definition of a dirk established in Richards. Therefore, we must inquire whether it is a "weapon of like kind." To be so, it must first be a weapon. "Weapon" is a commonly used word. In construing the statute, we assume, in the absence of contrary expression, that the legislature intended that the word be given its usual and accepted meaning. See Stein v. Commonwealth, 12 Va. App. 65, 69, 402 S.E.2d 238, 241 (1991). Webster's dictionary defines "weapon" thus:

> An instrument of offensive or defensive combat: something to fight with.

Webster's New Collegiate Dictionary 1326 (1977). Common experience teaches that bladed instruments may be possessed and used for non-aggressive as well as aggressive purposes. In the former instance, they are deemed implements; in the latter,

-

weapons.  Any given bladed instrument may fall into either category or both, depending on the circumstances and purpose surrounding its possession and use.  Thus, determination whether a given bladed instrument is an implement or a weapon requires consideration not only of the physical character of the instrument itself, but also of the circumstances surrounding its possession and use.

The knife in question is useful as a weapon of like kind to a dirk.  Its fixed blade, sharp point, and single-sharpened edge afford unquestionable utility as a stabbing weapon, useful in the same manner as a dagger, stiletto, or dirk.  Furthermore, when asked by Officer Heimberger whether "he had any weapons on him," Delcid replied "that he did, he had a knife in his pocket."  The officer then removed from Delcid's pocket the butterfly knife that is the subject of this case.  Officer Heimberger had come on the scene in response to a call from a 7-11 "for disorderly subjects refusing to leave."  Arriving on the scene, he saw Delcid and another person who matched the description given in the complaint.  Delcid had in his hand two beers, one of which was open.  He discarded the beers upon the approach of the police car.  These circumstances of disorder, productive of a police complaint, suggest aggressive conduct and intent.  These circumstances, coupled with the physical characteristics of the knife and Delcid's own acknowledgment of

-

it as a weapon, support the trial court's determination that the knife was a weapon of like kind to a dirk.

In Ricks v. Commonwealth, 27 Va. App. 442, 499 S.E.2d 575 (1998), we held:

> The trial judge erroneously relied on the purported purpose of Ricks' possession of the knife to convict Ricks of the offense. . . . [T]he language of the statute does not provide that the purpose for carrying the knife is relevant. Rather, the physical characteristics of the knife determine whether the knife is a weapon contemplated by the statute.

Id. at 445, 499 S.E.2d at 576.

As noted in the dissent, a criminal statute must be strictly construed against the Commonwealth and in favor of the accused. Thus, carrying concealed a non-weapon does not violate Code § 18.2-308(A), even though that non-weapon may be "of like kind" to a dirk. For the offense to be committed, the object carried concealed must be a weapon. The purpose for which it is created and employed is a critical distinction between an implement and a weapon. Thus, while the specific purpose for which the item is possessed is not itself an element of the crimes defined by Code §§ 18.2-308(A) and 18.2-308.2, that purpose is one of the defining characteristics of the item in question.

Thus, the record supports the trial court's determination that the knife was a "weapon" described in Code § 18.2-308.2.

-

The judgment of the trial court is affirmed.

Affirmed.

Benton, J., dissenting.

Code § 18.2-308.2 "does not prohibit generally the carrying of knives hidden from common observation." Ricks v. Commonwealth, 27 Va. App. 442, 444, 499 S.E.2d 575, 576 (1998). Rather, by reference to Code § 18.2-308, it proscribes concealing the following specific kinds of knives: "any dirk, bowie knife, switchblade knife, ballistic knife, razor . . . or . . . any weapon of like kind." Code § 18.2-308(A). When we apply these penal statutes, "[i]t is elementary that . . . [they are] to be strictly construed against the state and in favor of the liberty of a citizen." Cox v. Commonwealth, 220 Va. 22, 25, 255 S.E.2d 462, 464 (1979). "Such statutes cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit." Berry v. City of Chesapeake, 209 Va. 525, 526, 165 S.E.2d 291, 292 (1969).

The trial judge "[found] this [knife] is a dirk." Elaborating, the judge said, "[t]his is a dirk with one side. . . . I think a one-sided, sharp edge of a dirk falls within the statute that says a weapon of like kind as those enumerated." I agree with the majority opinion's description of the knife as consisting "of a single blade with a two-part hinged handle, which folds to enclose the blade," and that the blade has one sharpened edge. Although the majority opinion concedes the knife does not fit the definition of a dirk, it concludes "that the knife was a weapon of like kind to a dirk"

-

and "[t]he knife in question is useful as a weapon of like kind to a dirk."  I disagree with those conclusions.

In recent opinions, the Supreme Court and this Court have addressed the definition of a dirk.  In Wood v. Henry County Public Schools, 255 Va. 85, 495 S.E.2d 255 (1998), the Supreme Court held that "[a] 'dirk' is defined as 'a long straight-bladed dagger formerly carried [especially] by the Scottish Highlanders[,] 2. a short sword formerly worn by British junior naval officers.'"  Id. at 95 n.6, 495 S.E.2d at 261 n.6 (citation omitted).  That definition is consistent with our earlier holding that "[a] 'dirk' or weapon of like kind is any stabbing weapon having two sharp edges and a point, including daggers, short swords and stilettos." Richards v. Commonwealth, 18 Va. App. 242, 246 n.2, 443 S.E.2d 177, 179 n.2 (1994).

Neither of these definitions encompasses the knife at issue, which has a blade that folds into its handle by the physical effort of the user.  The knife at issue in this case was fit to be carried in a pocket and does not have a fixed blade.  Indeed, the Supreme Court recently held that "a pocketknife is neither a dirk, bowie knife, switchblade knife, ballistic knife, nor a weapon of like kind."  Wood, 255 Va. at 95, 495 S.E.2d at 261.

The knife at issue, just as any ordinary pocketknife, may be used for stabbing purposes.  That fact, however, is not

-

germane to the "letter and spirit" of the statute. Berry, 209 Va. at 526, 165 S.E.2d at 292. To read the statute so broadly as to apply its proscription to a pocketknife, which, when opened, may be used to stab, impermissibly extends the statute by implication and applies it to cases not clearly described by the language of the statute. See Martin v. Commonwealth, 224 Va. 298, 300, 295 S.E.2d 890, 892 (1982).

I also disagree with the majority's conclusion that other evidence suggested aggressive conduct and intent sufficient to support the trial judge's determination that the knife was a weapon of like kind to a dirk. A mere accusation of disorderly conduct is not indicative of aggressive conduct or intention to use a knife as a weapon. The evidence proved that Delcid was standing outside the store with beer, which he discarded upon the arrival of the police. The police officer testified that before he frisked Delcid he asked if "he had any weapons on him." He said Delcid replied "that he did, he had a knife in his pocket." Delcid then allowed the officer to take the knife without any struggle. Delcid "made no threatening remarks, uttered no words that would reasonably incite a breach of the peace, [and] made no threatening movements toward the officers." Ford v. City of Newport News, 23 Va. App. 137, 144, 474 S.E.2d 848, 851 (1996). Further, there is no evidence that Delcid was ever charged with disorderly conduct.

-

The majority also found compelling Delcid's response when the officer asked if he had a weapon.  Neither Delcid's statement nor the nature of the police call that led to its discovery is relevant to our inquiry.

> Unless a claim is made that a circumstance specified in Code § 18.2-308(B) (listing exclusions from coverage) or (C) (exempting certain individuals from coverage) is applicable, the language of the statute does not provide that the purpose for carrying the knife is relevant.  Rather, the physical characteristics of the knife determine whether the knife is a weapon contemplated by the statute.  Therefore, even if the trial judge believed [the accused] did not use the knife for [a sporting purpose] and believed [the accused] was not carrying it "for ordinary purposes," the knife did not have the physical characteristics of the weapons specified in Code § 18.2-308(A)(ii) and, thus, could not be deemed a "weapon of like kind as those enumerated."  Code § 18.2-308(A)(v).

Ricks, 27 Va. App. at 445, 499 S.E.2d at 576.

For these reasons, I would reverse the conviction. Therefore, I dissent.