COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Kelsey and Haley
Argued at Chesapeake, Virginia


NICHOLAS OHIN

OPINION BY
v.        Record No. 2708-04-1        JUDGE D. ARTHUR KELSEY
DECEMBER 13, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Edward L. Hubbard, Judge

Charles E. Haden for appellant.

Deana A. Malek, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


The trial court found Nicholas Ohin, a convicted felon, guilty of possession of a

concealed weapon in violation of Code § 18.2-308.2. Ohin appeals, arguing that the trial

court erred by not granting his motion to strike. We find no error and affirm Ohin's

conviction.

I.

On appeal, we review the evidence in the "light most favorable" to the

Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).

That principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth

and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498,

270 S.E.2d 755, 759 (1980) (emphasis and citation omitted).

While patrolling a "high drug, high crime" area of Newport News, police officers

made a traffic stop of a vehicle. Standing on a nearby sidewalk, Ohin disrupted the

investigation by shouting to the driver of the vehicle. One of the officers noticed Ohin conspicuously placing his hands in his pockets. The officer told Ohin to keep his hands in view, but Ohin refused to do so. Having removed "several guns and weapons" from individuals in this area before, the officer asked Ohin if he "had any weapons on him." Ohin said he did not. The officer then requested and obtained consent to search Ohin. As the officer approached to search him, Ohin pulled a concealed knife out of his pants pocket. The officer later determined that Ohin was a convicted felon.

A grand jury charged Ohin with violating Code § 18.2-308.2. At trial, the Commonwealth presented the testimony of the arresting officer. The officer said he did not know what "type of knife" he took from Ohin, but described it as having a "side-folding, locking blade." He explained that the lock fixed the blade in the open position until manually released. Acknowledging he was "not an expert on knives," the officer stated he would not identify the knife as a bowie knife, dirk, switchblade, ballistic, or butterfly knife. He did agree it was a type of "very large" pocketknife.

Ohin's knife was introduced into evidence for the trial judge, as factfinder, to examine.[1] The knife has several distinctive features, all obvious from a visual inspection. The metal hilt of the knife has a cross-guard to protect the hand from sliding forward during a thrusting motion.[2] Measuring 1¾ inches, the cross-guard extends perpendicularly to the handle. The oversized hilt has notched indentations to enhance finger grip. On both sides of

---

[1] Our description of the physical properties of Ohin's knife comes in part from our own personal observation of it. See Delcid v. Commonwealth, 32 Va. App. 14, 17, 526 S.E.2d 273, 274 (2000) ("The knife is not described in the record. However, it was displayed before the trial court, was received as an exhibit, and is physically a part of the record. We have examined it.").

[2] A hilt is the "handle of a weapon or tool, esp. of a sword or dagger." The American Heritage Dictionary 612 (2d coll. ed. 1985); see also Webster's New World Dictionary 638 (3d coll. ed. 1988) (defining hilt as "the handle of a sword, dagger, toll, etc.").

the hilt appears a raised metal relief of an oriental dragon. The knife blade comes to a point and has a serrated cutting edge. The blade locks securely in place when extended. It can be retracted only when manually unlocked. The total length of the knife, when locked in an extended position, is 8 inches. Of that length, the blade takes up 3½ inches.

Ohin moved to strike the evidence on the ground that his knife — as a matter of law — did not fit the statutory definition of a concealed weapon. It was nothing more than a common pocketknife, Ohin argued. After the trial court denied the motion, Ohin elected to present no evidence and to renew his motion. The court found against Ohin, holding that the knife, though not one of the specifically enumerated weapons, was a weapon of "like kind" because of its physical properties — particularly its "hilt like a sword."

## II.

The trial court found Ohin guilty of violating Code § 18.2-308.2(A), which makes it a Class 6 felony for a felon "to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308." The concealed weapon statute, Code § 18.2-308(A), lists various prohibited weapons, including "any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, slingshot, spring stick, metal knucks, or blackjack" and "any weapon of like kind as those enumerated" in the statute. See generally O'Banion v. Commonwealth, 33 Va. App. 47, 57-58, 531 S.E.2d 599, 604 (2000) (*en banc*).

As the Virginia Supreme Court has explained, the "purpose of the statute was to interdict the practice of carrying a deadly weapon about the person, concealed, and yet so accessible as to afford prompt and immediate use." Schaaf v. Commonwealth, 220 Va. 429, 430, 258 S.E.2d 574, 574-75 (1979) (quoting Sutherland v. Commonwealth, 109 Va. 834, 835-36, 65 S.E. 15, 15 (1909)). To achieve this purpose, the General Assembly listed knives

commonly used as fighting weapons. Dirks and bowie knives, for example, make useful "stabbing" weapons. O'Banion, 33 Va. App. at 58 n.2, 531 S.E.2d at 604 n.2. They have fixed blades and often, like small swords or stilettos, have cross-guards to protect the hand from sliding onto the blade during a thrust. The bowie knife has only one sharpened side, but the other side curves into a point useful for piercing. See id. While technically a folding "pocketknife," id., a switchblade is also prohibited as it locks into a fixed position for fighting purposes. It too sometimes has a small cross-guard on its hilt for hand protection.

The General Assembly, however, did not provide an exhaustive list of fighting knives. Added to those specifically mentioned is a nonspecific category for "weapons of like kind." Code § 18.2-308(A)(v). To fit within this category, a knife "must first be a weapon." Delcid v. Commonwealth, 32 Va. App. 14, 17-18, 526 S.E.2d 273, 275 (2000). As we have explained:

> Common experience teaches that bladed instruments may be possessed and used for non-aggressive as well as aggressive purposes. In the former instance, they are deemed implements; in the latter, weapons. Any given bladed instrument may fall into either category or both, depending on the circumstances and purpose surrounding its possession and use.

Id. This focus on a knife's weapon-like properties excludes "from concealed weapons statutes innocuous household and industrial knives which may be carried for legitimate purposes." Richards v. Commonwealth, 18 Va. App. 242, 246 n.2, 443 S.E.2d 177, 179 n.2 (1994). Thus, a schoolboy's common pocketknife would necessarily fall outside the reach of the statute. See Wood ex rel. Wood v. Henry County Pub. Sch., 255 Va. 85, 95, 495 S.E.2d 255, 261 (1998).

A "weapon of like kind" includes a knife that, while not possessing the exact physical properties of the enumerated knives, has the characteristics of a fighting knife just the same. A butterfly knife, for example, is a locking pocketknife that folds into a two-part hinged

- 4 -

handle. Its unusual handle does not resemble any of the knives listed in the statute. But its utility as a fighting weapon makes it a "like kind" weapon under Code § 18.2-308(A)(v). Delcid, 32 Va. App. at 18, 526 S.E.2d at 275. In particular, its "fixed blade, sharp point, and single-sharpened edge afford unquestionable utility as a stabbing weapon, useful in the same manner as a dagger, stiletto, or dirk." Id.

Whether a knife's fighting qualities make it a "weapon of like kind" involves "a question of fact determined by the trier of fact according to the circumstances of the case." Richards, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2; see also Delcid, 32 Va. App. at 17, 526 S.E.2d at 274 (holding that the question whether a particular knife is a "weapon of like kind" is "a question of fact to be determined by the trier of fact"). We can overturn this factual determination only if it is "plainly wrong" or "without evidence to support it." Code § 8.01-680.[3]

In this case, Ohin's knife is not a common pocketknife as he claims it to be. It has physical features making it similar to several of the prohibited knives listed in Code § 18.2-308(A)(ii) and dissimilar to the kinds of "innocuous household and industrial knives which may be carried for legitimate purposes." Richards, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2. Ohin's knife has a "hilt like a sword," as the trial judge described it. This hilt includes a cross-guard to improve the stabbing capability of the knife by protecting the hand during the thrusting motion. The same can be said for the oversized, notched handle — a

---

[3] Under this standard, we ask only whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (emphasis in original)); see also Haskins v. Commonwealth, 44 Va. App. 1, 7, 602 S.E.2d 402, 405 (2004); Seaton v. Commonwealth, 42 Va. App. 739, 747 n.2, 595 S.E.2d 9, 13 n.2 (2004); Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003); Hoambrecker v. City of Lynchburg, 13 Va. App. 511, 514, 412 S.E.2d 729, 731 (1992).

feature that enhances the user's grip. These physical properties make the knife of "like kind" to the dirk and the switchblade, given that both are designed primarily for stabbing motions. The knife's substantial hilt and cross-guard make it quite unlike a common pocketknife, kitchen carving knife, or other type of non-fighting blade.

Ohin's knife blade also locks securely when opened, much like a switchblade or a butterfly knife, and can be retracted only when unlocked. See, e.g., O'Banion, 33 Va. App. at 60, 531 S.E.2d at 605 (noting that a "retractable blade that can be locked into place" gives a knife a weapon-like quality). The blade comes to a point like a bowie knife, with one side sharpened and the other side shaped with a concave curvature. This blade design likewise improves the knife's fighting capabilities. What was said about the butterfly knife in Delcid can be said also about Ohin's knife: It has a "fixed blade, sharp point, and single-sharpened edge" affording it "unquestionable utility as a stabbing weapon." Id. at 18, 526 S.E.2d at 275; see also Richards, 18 Va. App. at 246, 443 S.E.2d at 179 (finding on "examination of the weapon's blade" it was a "weapon of like kind").

### III.

In sum, the evidence supports the trial court's factual finding that Ohin's knife constitutes a "weapon of like kind" under Code § 18.2-308(A)(v). We affirm Ohin's conviction, finding no error in the trial court's denial of his motion to strike the evidence.

Affirmed.