Present: Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and
Agee, JJ., and Russell, S.J.

SHAKA AMIR FARRAKHAN

v.  Record No. 060252        OPINION BY JUSTICE DONALD W. LEMONS
                                      January 12, 2007
COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA

     Virginia Code § 18.2-308(A) provides in part that it is

unlawful for "any person" to carry "about his person, hidden

from common observation . . . any dirk, bowie knife,

switchblade knife, ballistic knife, machete, razor" or "any

weapon of like kind as those enumerated in this subsection."

A first offense violation of this code provision is a Class 1

misdemeanor.  Further, Code § 18.2-308.2 provides that it is a

Class 6 felony for a previously convicted felon "to knowingly

and intentionally carry about his person, hidden from common

observation, any weapon described in subsection A of § 18.2-

308."  In this appeal, we consider whether the Court of

Appeals erred in holding that the knife carried by the

defendant was a "weapon of like kind" under Code § 18.2-

308(A).

                I.  Facts and Proceedings Below

     On the morning of January 8, 2004, Shaka Amir Farrakhan

("Farrakhan") entered a women's furnishings store.  While

Farrakhan looked at women's boots, the store manager "walked

to the front door, turned [her] back to the front door and started facing inside of the store."  Farrakhan selected two shoe boxes and began to walk towards the front door.  Seeing the store manager standing at the front of the store, Farrakhan commented:  "Oh, look.  You're over here waiting for me."

Farrakhan started to leave the store, and the store manager asked:  "Sir, can I get my boots back, please?"  At some point either before or after the store manager's question, Farrakhan "pulled out a knife from inside of his jacket."  The store manager testified that it looked like a kitchen knife.  Farrakhan jabbed the knife toward the store manager stating:  "[G]et the fuck out of my way."  The store manager then backed away from Farrakhan.  Farrakhan exited the store with the boots, and the store manager "ran to call 911."  After leaving the store, Farrakhan was apprehended by police.  A knife was recovered from the sidewalk where the police had pursued Farrakhan.

Farrakhan was charged with one count of robbery and one count of possession of a concealed weapon "described in Virginia Code § 18.2-308A" "having previously been convicted of a felony offense."  In the bench trial, upon the conclusion of the Commonwealth's case-in-chief and again at the conclusion of the presentation of all the evidence, Farrakhan

2

moved to strike the concealed weapon charge because he maintained that the knife was not enumerated in Code § 18.2-308(A) or a "weapon of like kind."  The trial court found Farrakhan guilty of robbery[*] and possession of a concealed weapon by a felon.  The trial court observed that the knife used by Farrakhan was "not a pen knife or a pocket knife or something else," but was a "kitchen knife" with a "long, thin blade."

Farrakhan appealed to the Court of Appeals, where his conviction was affirmed.  Farrakhan v. Commonwealth, Record No. 1804-04-4 (November 29, 2005). Farrakhan appeals to this Court upon one assignment of error:

> The Court of Appeals erred in upholding the erroneous rulings of the trial court in not granting Defendant's motion to strike and in finding the evidence sufficient to prove beyond a reasonable doubt that Defendant was guilty of possessing a concealed weapon by a convicted felon because the kitchen knife at issue is not a "weapon of like kind" for the purposes of VA CODE § 18.2-308(A).

## II.  Analysis

The construction of a statute is a question of law which we review de novo upon appeal.  Dowling v. Rowan, 270 Va. 510, 519, 621 S.E.2d 397, 401 (2005).  Code § 18.2-308(A) is not a model of clarity.  The interpretative history of the phrase

---

[*] Farrakhan's conviction upon the charge of robbery is not before us on appeal.

3

"weapon of like kind" in Code § 18.2-308(A) has proven to be problematic to trial and appellate courts of the Commonwealth. For example, in Ricks v. Commonwealth, 27 Va. App. 442, 445, 499 S.E.2d 575, 576 (1998), the Court of Appeals held that "the language of the statute does not provide that the purpose for carrying the knife is relevant. Rather, the physical characteristics of the knife determine whether the knife is a weapon contemplated by the statute." Two years later in Delcid v. Commonwealth, 32 Va. App. 14, 18, 526 S.E.2d 273, 275 (2000), the Court of Appeals held that a "determination whether a given bladed instrument is an implement or a weapon requires consideration not only of the physical character of the instrument itself, but also of the circumstances surrounding its possession and use." In 2005, the Court of Appeals in Ohin v. Commonwealth, 47 Va. App. 194, 199, 622 S.E.2d 784, 786 (2005), focused upon "a knife's weapon-like properties" and held that "[a] 'weapon of like kind' includes a knife that, while not possessing the exact physical properties of the enumerated knives, has the characteristics of a fighting knife just the same." The Court of Appeals added "[t]his focus on a knife's weapon-like properties 'excludes from concealed weapons statutes innocuous household and industrial knives which may be carried for legitimate

purposes.' " <u>Id.</u>  Additionally, the Court of Appeals held in this case that:

> While nominally described as a "kitchen knife," the knife when viewed is more akin to a butcher's knife.  It is 12 3/4 inches long with a sharp 7 3/4 inch blade that is finely honed and has a sharp point.  It possesses, as discussed in <u>Delcid</u>, "unquestionable utility as a stabbing weapon."  This was the threat posed by appellant.
>
> In considering whether a knife is a "weapon of like kind" we look not only to the appearance of the instrument, but also to the purpose for which it was employed and the circumstances surrounding its use.

<u>Farrakhan v. Commonwealth</u>, Record No. 1804-04-4, slip op. at 7-8 (November 29, 2005) (internal citation omitted).

In accordance with the principles of statutory construction of penal statutes, a court must not add to the words of the statute nor ignore the words of the statute and must strictly construe the statute and limit its application to cases falling clearly within the statute.  <u>Turner v. Commonwealth</u>, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).  Additionally, it is a "settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary."  <u>Hubbard v. Henrico Ltd. P'ship</u>, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998).  The phrase "weapon

5

of like kind" in Code § 18.2-308(A) must be interpreted consistent with these principles.

Code § 18.2-308(A) includes numerous enumerated items, some of which are bladed, such as a dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, and a "disc" or "throwing star" or "oriental dart" "having at least two points or pointed blades." Some enumerated items are without blades such as a slingshot, metal knucks, black jack, nun chuck, or fighting chain. Some enumerated items are designed for fighting purposes such as a dirk, bowie knife, or switchblade knife. Other enumerated items are not designed for fighting purposes, such as a machete or a razor, but unfortunately are now commonly understood to be "weapons."

If the bladed item in question meets the definition of an enumerated item within Code § 18.2-308(A), the evidence is clearly sufficient for a conviction under the statute. Additionally, if the bladed item is not enumerated, concealment of the item may be proscribed by Code § 18.2-308(A) if it is a "weapon of like kind." However, before examination of similar physical characteristics to enumerated items, the item in question must first be a "weapon."

Clearly, the General Assembly did not intend all bladed items to fall within the proscription of Code § 18.2-308(A). The knife possessed by Farrakhan is an ordinary kitchen knife

6

with a blade sharpened on one side and a handle below.  If a chef concealed the same ordinary kitchen knife and carried it to a restaurant, surely it was not the intention of the legislature to criminalize such conduct.  The same difficulty occurs with other ordinary items as well.  For example, does the office worker who purchases a letter opener and "conceals" it in the bag provided by the store violate the statute because of the item's resemblance to a "dirk?"

Because an offense under Code § 18.2-308(A) is "possessory" in nature, it is committed upon concealment. Subsequent use or circumstances may not be considered in the definitional analysis of "weapon."  Because we must strictly construe a penal statute, we hold that in order to be a "weapon" within the definition of "weapon of like kind," the item must be designed for fighting purposes or commonly understood to be a "weapon."  Upon establishing that the item in question is a "weapon," the analysis continues to determine if the item possesses such similar characteristics to the enumerated items in the Code § 18.2-308(A) such that its concealment is prohibited.

We hold that the kitchen knife possessed by Farrakhan is not a "weapon," because it is not designed for fighting purposes nor is it commonly understood to be a "weapon."

7

Consequently, it is unnecessary in this case to compare its physical characteristics to the enumerated items.

We are mindful that a kitchen knife is a potentially dangerous object, particularly in the hands of a person with criminal intent, but so also is an ordinary pocket knife or a letter opener.  Here we are concerned with what is proscribed by statute as unlawful not simply what may be dangerous.  We are compelled to interpret this statute in accordance with the principles of statutory construction recited herein.

## Conclusion

We will reverse the judgment of the Court of Appeals and vacate the defendant's conviction for possession of a concealed weapon by a felon under Code § 18.2-308(A).

<u>Reversed and vacated.</u>