COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


SHAY DEMOND GILLIAM

                                                          OPINION BY
v.        Record No. 0473-06-1                   JUDGE ROBERT J. HUMPHREYS
                                                          APRIL 10, 2007

COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              Mark S. Davis, Judge

           Joseph A. Sadighian, Special Assistant Appellate Defender (Office
           of the Appellate Defender, on briefs), for appellant.

           Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
           Attorney General, on brief), for appellee.


       Shay Demond Gilliam ("Gilliam") appeals his conviction of possessing a concealed

weapon after having been convicted of a felony, in violation of Code § 18.2-308.2.[1]  On appeal,

Gilliam contends that the knife he possessed was not a proscribed weapon under the statute and,

thus, the evidence was insufficient to support his conviction.  For the following reasons, we

disagree, and affirm.

                                        BACKGROUND

       "On appeal, we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences deducible therefrom."  Martin v. Commonwealth, 4

Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  So viewed, the evidence established the

following.

---

[1] Code 18.2-308.2 states, in pertinent part, that "[i]t shall be unlawful for [] any person
who has been convicted of a felony . . . to knowingly and intentionally carry about his person,
hidden from common observation, any weapon described in subsection A of § 18.2-308."

On July 4, 2005, at about ten o'clock p.m., a concerned citizen reported "suspicious activity" occurring in the parking lot of a Walgreen's pharmacy. Officer Newman ("Newman") of the Portsmouth Police Department responded to the call, and observed Gilliam riding his bicycle through the parking lot. Newman approached Gilliam and identified himself. Gilliam immediately jumped off his bike, approached Newman, and reached into his pocket and removed his identification card.

Newman observed that Gilliam seemed "unsteady on his feet," and was "slightly agitated" during the encounter. His eyes were "glassy and bloodshot," and he had a strong "odor of alcoholic beverage coming from his person." Newman talked with Gilliam, and during the conversation, Gilliam's voice became increasingly loud, and he became more agitated. Newman twice asked Gilliam if he had "any weapons on him," and both times, Gilliam responded that he did not. Eventually, Newman placed Gilliam in custody for public intoxication. Newman then conducted a search incident to arrest, and found a "long black-handled knife" with a sheath in Gilliam's back pocket.

On August 26, 2005, a grand jury indicted Gilliam for carrying a concealed weapon after having been convicted of a felony, in violation of Code § 18.2-308.2. On December 13, 2005, finding that it was "bound by the opinion and the description that's been handed up [] in the Richards case,"[2] the trial court convicted Gilliam of violating Code § 18.2-308.2. The trial court

---

[2] In Richards v. Commonwealth, 18 Va. App. 242, 245, 443 S.E.2d 177, 178 (1994), the trial court convicted Richards of carrying a concealed weapon, in violation of Code § 18.2-308. The trial court found that Richards' knife was a "spring knife" and that the handle of the knife was deceptive in its appearance so as to disguise the true nature of the knife, thereby rendering it concealed under the statute. Id. On appeal, this Court held that the trial court erred in finding that the weapon was a "spring knife." Id. at 245, 443 S.E.2d at 179. In fact, this Court held that the blade resembled a dirk. Id. at 246, 443 S.E.2d at 179. And because the weapon, from common observation, was just as it appeared, this Court held that it was not of such a deceptive appearance as to disguise its true nature. Id. Therefore, this Court reversed Richards' conviction, holding that Richards did not conceal the weapon, in violation of Code § 18.2-308.

sentenced Gilliam to serve three years in prison, with two years and two months suspended.[3]

Gilliam now appeals.

ANALYSIS

Gilliam contends that the knife he was carrying is not proscribed by Code § 18.2-308.2 and, thus, the evidence was insufficient to support his conviction. We disagree.

Code § 18.2-308(A) provides, in part, that it is unlawful for "any person" to carry "about his person, hidden from common observation . . . any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor" or "any weapon of like kind as those enumerated in this subsection." Code § 18.2-308.2 further provides that it is a Class 6 felony for a previously convicted felon "to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in subsection A of § 18.2-308."

Code § 18.2-308(A) enumerates certain items that are clearly proscribed by the statute. See Farrakhan v. Commonwealth, 273 Va. 177, 639 S.E.2d 227 (2007).[4] If the item in question meets the definition of an enumerated item within Code § 18.2-308(A), the evidence is clearly sufficient for a conviction under the statute. Id. at 182, 639 S.E.2d at 230. If the item in question "is not enumerated, concealment of the item may be proscribed by Code § 18.2-308(A) if it is a 'weapon of like kind.'" Id.

---

[3] The trial court never made any specific findings of fact as to the characteristics of the knife. Essentially, the only description on record, aside from the Commonwealth's closing argument, comes from Newman's testimony that it was a "long black-handled knife."

[4] In Farrakhan, the Virginia Supreme Court found that a kitchen knife, with a blade sharpened on one side and a handle below, was not a "weapon" because "it [was] not designed for fighting purposes nor [was] it commonly understood to be a 'weapon.'" Farrakhan, 273 Va. at 183, 639 S.E.2d at 230. The Court did not reach the issue of whether the knife was one of "like kind," as it held that the knife was not a weapon.

"[I]n order to be a 'weapon' within the definition of 'weapon of like kind,' the item must be designed for fighting purposes or commonly understood to be a 'weapon.'" Id. Once the item is determined to be a weapon, it must then be determined if the item possesses similar characteristics to the enumerated items in Code § 18.2-308(A), thus, making its concealment prohibited. Id. These are questions of fact, which we can overturn only if "plainly wrong," or "without [supporting] evidence." Ohin v. Commonwealth, 47 Va. App. 194, 199-200, 622 S.E.2d 784, 786-87 (2005) (citing Code § 8.01-680)); see also Delcid v. Commonwealth, 32 Va. App. 14, 17, 526 S.E.2d 273, 274 (2000) (holding that the question whether a particular knife is a "weapon of like kind" is "a question of fact to be determined by the trier of fact").

In this case, Newman testified that the item in question was a "long black-handled knife." The trial court made no specific findings of fact stating only that, "I am bound by the opinion and the description that's been handed up to me in the Richards case." However, the trial court never enunciated which description in Richards provided the basis for its finding of guilt. Regardless, on appeal, if there are facts to support the trial court's conclusion that the knife is either one of the enumerated items within the statute, or a "weapon of like kind," we are bound by that conclusion. See Delcid, 32 Va. App. at 17, 526 S.E.2d at 274.

In this case, the knife is not a bowie knife or a dirk, as defined by this Court,[5] nor is it any of the other enumerated items. Thus, we must determine if this knife falls into the category of "weapon of like kind." We hold that it does.

---

[5]    A "dirk" or weapon . . . is any stabbing weapon having two sharp edges and a point, including daggers, short swords and stilettos. A "bowie knife" . . . is any stabbing weapon having a single sharp edge, a dull or serrated flat edge and a point, such as a hunting knife, a fishing knife or a survivalist's knife.

Richards, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2.

- 4 -

To be a "weapon of like kind," the knife must first be a weapon.  Farrakhan, 273 Va. at 182, 639 S.E.2d at 230; see also Delcid, 32 Va. App. at 17, 526 S.E.2d at 275.  Generally, a weapon is "[a]n instrument of offensive or defensive combat: something to fight with."  Delcid, 32 Va. App. at 18, 526 S.E.2d at 275 (citing Webster's New Collegiate Dictionary 1326 (1977)).  Because a bladed instrument may be "possessed and used for non-aggressive as well as aggressive purposes," determining whether the knife "is an implement or a weapon requires consideration not only of the physical character of the instrument itself, but also of the circumstances surrounding its possession and use."  Id. at 19, 526 S.E.2d at 275.  Although the purpose for carrying the knife is irrelevant under Code §§ 18.2-308(A) and 18.2-308.2, "that purpose is one of the defining characteristics of the item in question."  Id.

Here, as shown, the knife in question has a 6-inch blade and a 5½-inch handle.  The blade has one dull, straight edge, and one sharp edge.  Both edges come to a sharp point.  The knife contains  the inscription "MCR-11 Handmade" on one side, and "Taylor/Seto Surgical Japan" on the other.  The knife does not fold to cover the blade.  Rather, a leather sheath protects the blade.  The knife is clearly not an "innocuous household [knife or an] industrial kni[fe] which may be carried for legitimate purposes."  Richards, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2.  Nor is it an implement possessed for "non-aggressive" purposes.  See generally Delcid, 32 Va. App. at 19, 526 S.E.2d at 275.  Moreover, Gilliam did not possess this item during the day at a job site.  Instead, the knife was found in his possession after he was arrested for public intoxication around

ten o'clock at night.[6]  And although Gilliam testified that he used the knife for construction, the trial court found this testimony incredible.  Thus, we hold that there is sufficient evidence to support the conclusion that the knife in question is a weapon.

Because we hold that the knife is a weapon, we must now determine if the knife has similar characteristics to those items enumerated in Code § 18.2-308(A).  See Farrakhan, 273 Va. at 182, 639 S.E.2d at 230.  We hold that it does.

Here, although the knife's blade does not have the distinctive shape of the bowie knife — that is, a slight dip in the dull, upper portion of the blade — the knife has other similar characteristics of the bowie knife.  Specifically, it has "a single sharp edge, a dull . . . flat edge and a point."  Richards, 18 Va. App. at 246 n.2, 443 S.E.2d at 179 n.2.  It also has a substantial hilt with a notch designed to prevent the hand from slipping onto the blade.

Gilliam argues that although some of the characteristics may be similar, bowie knives are usually longer than the knife in question.  Gilliam therefore contends there are not enough similar characteristics of the bowie knife to bring this particular knife within the ambit of the statute.  We disagree.

Code § 18.2-308(A) provides that any weapon "of like kind" to those enumerated in the statute are likewise prohibited under the statute.  Generally, the word "like" is defined as "alike, similar, analogous, or comparable."  Webster's Third New International Dictionary 1310 (1993).  It does not mean "*exactly* like, or *identical* to."  If the knife in question had all of the characteristics of a bowie knife as Gilliam suggests it must, it would actually be a bowie knife,

_____

[6] We note the language in Farrakhan stating that, "[b]ecause an offense under Code § 18.2-308(A) is 'possessory' in nature, it is committed upon concealment."  Farrakhan, 273 Va. at 182, 639 S.E.2d at 230.  Thus, "*[s]ubsequent* use or circumstances may not be considered in the definitional analysis of 'weapon.'"  Id. (emphasis added).  However, circumstances *at the time of concealment* may be relevant in determining whether the object in question meets the definition of a "weapon."

and we would not need to reach the question of whether this was a knife of "like kind." In other words, the statute contemplates that some "weapons" will resemble those specifically delineated in the statute, but will in fact have some different characteristics.

That is exactly what we have in this case. Although the knife is clearly not a bowie knife, it has many similar characteristics of one. In other words, it is "comparable" to the bowie knife. Accordingly, we hold that the evidence was sufficient to support the trial court's conclusion that the knife has similar characteristics to those proscribed by Code § 18.2-308(A).

CONCLUSION

Having met the two-part test as set forth in <u>Farrakhan</u>, we hold that the evidence was sufficient to support Gilliam's conviction under Code § 18.2-308. Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>