*407 KELSEY, J., with whom McCLANAHAN, J.,
joins, dissenting.
I am not prepared to signal, as some of my colleagues are, my willingness to strike down Code § 18.2-308(A) as unconstitutionally vague. Ante at 402, 686 S.E.2d at 530, 405-06, 686 S.E.2d at 531-32; post at 409-10, 686 S.E.2d at 533-34. Neither party has raised that issue in this case. And we do not have the benefit of either briefing or oral argument on the subject. I also question whether it is “appropriate for judges to heap either praise or censure upon a legislative measure that comes before them,” Kansas v. Marsh, 548 U.S. 163, 186, 126 S.Ct. 2516, 2532, 165 L.Ed.2d 429 (2006) (Scalia, J., concurring), particularly when doing so concludes with the suggestion that the legislature should give the judicially censured statute a “decent burial,” ante at 406, 686 S.E.2d at 532.
The only issue before us is whether McMillan’s knife— which he admittedly possessed “for protection” and kept by his side in a sheath riveted to the inside of the driver’s door of his vehicle—was a weapon of “like kind” to one of the knives listed in Code § 18.2-308(A). The trial judge, sitting as factfinder, found it was. Finding no error of law in the trial judge’s reading of the statute and no factual insufficiency in the evidence, I would affirm his judgment.
Code § 18.2-308(A) treats a knife as a “weapon” if it is either “designed for fighting purposes” or nonetheless “commonly understood” to be a weapon. Thompson v. Commonwealth, 277 Va. 280, 288, 673 S.E.2d 469, 472-73 (2009) (citation omitted). Thus, a knife becomes a statutory weapon either by design or by common use. If a knife constitutes a weapon under either definition, the knife fits within the “like kind” category only if it is “substantially similar” to one of the knives specifically mentioned in Code § 18.2-308(A). Id. at 290, 673 S.E.2d at 473.
*408 In this case, the trial court found that McMillan’s knife was a weapon substantially similar to a “dirk”—one of the knives specifically mentioned in Code § 18.2-308(A). “A ‘dirk’ or weapon of like kind is any stabbing weapon having two sharp edges and a point, including daggers, short swords and stilettos.” Richards v. Commonwealth, 18 Va.App. 242, 246 n. 2, 443 S.E.2d 177, 179 n. 2 (1994) (emphasis added), quoted with approval in Thompson, 277 Va. at 290, 673 S.E.2d at 473. A dagger is nothing more than a fixed-blade “short knife used for stabbing” purposes. Thompson, 277 Va. at 290, 673 S.E.2d at 473.
The inscription on McMillan’s fixed-blade knife identifies it as a Hammond A.B.C., type 2605. The primary bevels on the symmetrically tapered blade create a spear-point tip centered along the blade’s long axis. One edge has a straight v-shaped bevel. The other edge has a beveled tip followed by a sharpened serration. Both the straight and serrated edges are razor sharp. The hilt lacks a protruding guard, but uses instead a deeply indented tang—notched for enhanced grip— to accomplish the same purpose.[9] The knife has three large holes drilled though the skeleton handle. The actual knife, pictured below,[10] measures about 8$ inches long:
[[Image here]]
This knife is nothing “like a kitchen knife, pocket knife, box cutter, butterfly knife, or letter opener.” Ante at 401, 686 S.E.2d at 529. Instead, McMillan’s knife is an aggressively crafted weapon “designed for stabbing purposes like a dagger,” Thompson, 277 Va. at 291, 673 S.E.2d at 474, substantial *409 ly similar (though not identical) in design and function to a dirk.
In reaching this conclusion, I see no reason why we should not also take into account McMillan’s statement about his ongoing use of the knife as a weapon for his personal protection. See ante at 400, 686 S.E.2d at 529; post at 411, 686 S.E.2d at 584 n. 12. Farrakhan held that “[subsequent use or circumstances may not be considered in the definitional analysis of “weapon.’ ” Farrakhan v. Commonwealth, 273 Va. 177, 182, 639 S.E.2d 227, 230 (2007) (emphasis added); see also Thompson, 277 Va. at 291, 673 S.E.2d at 474. That holding, however, begs the question: Subsequent to what? Farrakhan answers in the sentence immediately preceding: “Because an offense under Code § 18.2-308(A) is ‘possessory’ in nature, it is committed upon concealment.” Farrakhan, 273 Va. at 182, 639 S.E.2d at 230.
Thus, as Farrakhan makes clear, the subsequent use that cannot be considered is the defendant’s use of the knife after he conceals it—that is, after he commits the crime. In contrast, his intended use when he conceals it—that is, when he commits the crime—while obviously not dispositive is still relevant. To be sure, if a defendant understands a specific type of knife to be an effective fighting weapon (particularly if he conceals it solely for this purpose), that fact may corroborate the inference that the knife is “commonly understood” to be a weapon. See Thompson, 277 Va. at 288, 673 S.E.2d at 472 (holding that a knife can be a weapon either by design or common use); cf. ante at 401, 686 S.E.2d at 529 n. 4 (acknowledging that the defendant’s “intended use for the knife” could be relevant “to a determination of the knife’s common use”).
For these reasons, I respectfully dissent.

. "A hilt is the 'handle of a weapon or tool, esp. of a sword or dagger.’ ” Ohin v. Commonwealth, 47 Va.App. 194, 201 n. 2, 622 S.E.2d 784, 785 n. 2 (2005) (citation omitted).

. The Commonwealth admitted the knife into evidence as an exhibit. Cf. Gilliam v. Commonwealth, 49 Va.App. 508, 515, 642 S.E.2d 774, 778 (2007) (including photograph of the knife there in question).