COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Kelsey and Petty
Argued at Alexandria, Virginia


GARRETT SCOTT McNAMARA

                                                        OPINION BY
v.      Record No. 2849-08-4                    JUDGE WILLIAM G. PETTY
                                                         MAY 18, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Lauren Whitley, Assistant Public Defender (Brienne Schaefer,
Assistant Public Defender; Office of the Public Defender, on briefs),
for appellant.

Erin M. Kulpa, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


A jury convicted Garrett Scott McNamara of a misdemeanor offense for possessing a

machete on school grounds in violation of Code § 18.2-308.1(A).[1]  On appeal, McNamara argues

that because the machete is a knife within the meaning of Code § 18.2-308.1(B)(vi), his possession

of the machete was legal.  For the reasons stated below, we agree with McNamara and reverse his

conviction.

I. BACKGROUND

The facts in this case are not in dispute.  As part of an unrelated investigation, a police

officer searched McNamara's automobile while it was parked on the grounds of Langley High

School.  The officer found a "double edged sheath knife" and a "small pocket knife" in the car, as

well as a machete "underneath the driver's side middle seat."  It is the machete that is at issue in this

---

[1] McNamara was also convicted of the felony of possession of burglary tools in violation
of Code § 18.2-94.  That conviction is not part of this appeal.

case.[2]  Both a photograph of the machete and the machete itself were admitted into evidence at trial. It consists of a five-inch handle attached to a seventeen-and-one-half-inch, curved, metal blade that has a rounded tip and a single sharp edge.

## II. ANALYSIS

The only question before this Court is one of statutory interpretation.  Code § 18.2-308.1(A) criminalizes the possession of, among other things, any "(iii) weapon, including a weapon of like kind, designated in subsection A of § 18.2-308, other than a firearm[,] upon (a) the property of any public, private or religious elementary, middle or high school, including buildings and grounds . . . ."  Code § 18.2-308(A), referenced in Code § 18.2-308.1(A), makes unlawful the concealed carrying of, among other things, "any dirk, bowie knife, switchblade knife, ballistic knife, machete, razor, . . . or any weapon of like kind."  Code § 18.2-308(A)(ii). Thus, Code § 18.2-308.1(A) unquestionably prohibits the possession of a machete on school grounds.

However, Code § 18.2-308.1(B) contains exceptions to the prohibitions in Code § 18.2-308.1(A) depending upon the location or use of the item.  As relevant to this case, Code § 18.2-308.1(B)(vi) allows possession of "an unloaded firearm that is in a closed container, or a knife having a metal blade, in or upon a motor vehicle, or an unloaded shotgun or rifle in a firearms rack in or upon a motor vehicle" on school grounds.  Because we conclude that McNamara's machete is a type of knife, within the meaning of Code § 18.2-308.1(B)(vi), his conviction must be reversed as his possession of it in his automobile falls within the statutory exception.

---

[2] The double-edged sheath knife appears to be approximately eighteen inches in length. McNamara was not charged with the unlawful possession of this knife.

This question of statutory interpretation presents a pure question of law, which we review *de novo*. Young v. Commonwealth, 273 Va. 528, 533, 643 S.E.2d 491, 493 (2007). When interpreting a statute, we seek to determine the General Assembly's intent by the words used in a statute, and when a statute is unambiguous, we are bound by the plain meaning of its language. Commonwealth v. Diaz, 266 Va. 260, 264-65, 585 S.E.2d 552, 554 (2003). As we analyze the statute, we must give each word "'its ordinary meaning, given the context in which it is used.'" Sansom v. Bd. of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999) (quoting Dep't of Taxation v. Orange-Madison Coop. Farm Serv., 220 Va. 655, 658, 261 S.E.2d 532, 533-34 (1980)); accord Winborne v. Virginia State Lottery, 278 Va. 142, 148, 677 S.E.2d 304, 306 (2009) ("Under principles of statutory construction, we must consider the ordinary and plain meaning of statutory terms.").

We must also construe penal statutes, like this one, strictly: "[i]n accordance with principles of statutory construction of penal statutes, a court must not add to the words of the statute nor ignore the words of the statute and must strictly construe the statute and limit its application to cases falling clearly within the statute." Farrakhan v. Commonwealth, 273 Va. 177, 181-82, 639 S.E.2d 227, 230 (2007). This means that we must construe the statute "strictly against the State and favorably to the liberty of the citizen" so as to ensure that "[n]o man incurs a penalty unless the act which subjects him to it is clearly within the spirit and letter of the statute which imposes such penalty." Sutherland v. Commonwealth, 109 Va. 834, 834, 65 S.E. 15, 15 (1909).

While the statutes at issue here are not ambiguous, they do not define the words "knife" or "machete." Thus, we will give those words their "'ordinary meaning, given the context in which [they are] used.'" Sansom, 257 Va. at 594-95, 514 S.E.2d at 349 (quoting Orange-Madison Coop. Farm Serv., 220 Va. at 658, 261 S.E.2d at 533-34).

- 3 -

The word knife is a broad term, which encompasses a wide variety of instruments; it is defined as "[a] cutting instrument consisting of a sharp blade attached to a handle;" "[a] cutting edge; a blade." The Am. Heritage Dictionary of the English Language 969 (4th ed. 2004). A machete, in turn, is defined as "a large heavy knife with a broad blade, used as a weapon and an implement for cutting vegetation." Id. at 1047; accord Webster's Third New Int'l Dictionary 1353 (1981) ("[A] large heavy knife usu. made with a blade resembling a broadsword often two or three feet in length and used esp. in So. America and the West Indies for cutting cane and clearing paths."); Merriam-Webster's Collegiate Dictionary 744 (11th ed. 2003) ("[A] large heavy knife used for cutting sugar cane and underbrush and as a weapon."). Uniformly, then, a machete is defined as a type of knife, albeit a large one, that, like other knives, is capable of being used as both a tool and a weapon.

The Attorney General argues that, because the General Assembly referred to machetes specifically in Code § 18.2-308(A)(ii), machetes are not knives within the meaning of Code § 18.2-308.1, but are weapons that do not fall within the exception language of Code § 18.2-308.1(B)(vi). However, Code § 18.2-308(A) does not use the general term knife at all; instead, Code § 18.2-308(A)(ii) lists a number of weapons that are illegal to carry concealed, including several types of knives: dirks, bowie knifes, switchblade knives, ballistic knives, and machetes. Unless some other knife is a "weapon of like kind" to the enumerated knives, it must be listed specifically, or its concealed possession is not prohibited. See Thompson v. Commonwealth, 277 Va. 280, 292, 673 S.E.2d 469, 474 (2009) (reversing a conviction under Code § 18.2-308(A)(ii) upon the conclusion that while a "butterfly knife is a 'weapon,' [it is not] 'of like kind' to a dirk or any other weapon enumerated in Code § 18.2-308(A)").

Code § 18.2-308.1(B)(vi), however, uses the more general term "knife having a metal blade." The language of the exception does not limit itself to a particular size or style of knife,

or knives that are designed to serve as tools rather than as weapons. Furthermore, the language of the exception itself indicates that the General Assembly did not intend to distinguish between weapons and non-weapons. Of the four items listed in the automobile exemption—unloaded firearms, knives having a metal blade, unloaded shotguns, and unloaded rifles—only a knife with a blade of less than three inches would not be considered a weapon.[3] Thus, the fact that a machete is also "commonly understood to be [a] 'weapon[],'" Farrakhan, 273 Va. at 182, 639 S.E.2d at 230, is irrelevant to the analysis. The plain language of Code § 18.2-308.1, which we are required to construe strictly, states that it is legal to have a knife in an automobile parked on school grounds. Because a machete is a type of knife, McNamara's possession of the machete did not violate Code § 18.2-308.1(A).

### III. CONCLUSION

We reverse and dismiss McNamara's conviction.

Reversed and dismissed.

---

[3] The exception at issue is found in the second paragraph of Code § 18.2-308.1(B). That paragraph also states that "[f]or purposes of this paragraph, 'weapon' includes a knife having a metal blade of three inches or longer . . . ." The Attorney General argues that because the machete has a blade longer than three inches it is a weapon and thus not included in the exception. However, as we note above, the fact that the machete is a weapon does not exclude it from the scope of the exception.

- 5 -