COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Russell and AtLee
Argued at Fredericksburg, Virginia

AUSTIN ALBERT CALLAHAN

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2202-14-4           JUDGE RICHARD Y. ATLEE, JR.
                                              OCTOBER 6, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

Todd F. Sanders (Sanders & Kissler, on brief), for appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

A jury in the Circuit Court of Loudoun County ("trial court") found appellant, Austin Albert

Callahan, guilty of two felony counts of manufacturing, possessing, or using an explosive device.

On appeal, Callahan argues that the trial court erred in three respects. First, the court should have

granted Callahan's motions to strike and to set aside the verdict and dismiss the charges on the

grounds that the Code excludes fireworks from the definition of "explosive devices" and no

rational fact-finder could have found that the devices in Callahan's possession were not

fireworks. Second, the court should have instructed the jury on misdemeanor possession of an

illegal firework as a lesser-included offense. Finally, the court should not have permitted testimony

from a Bureau of Alcohol, Tobacco, and Firearms ("ATF") agent referring to and describing "pipe

bombs." For the following reasons, we disagree and affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. FACTS

On the night of August 20, 2013, Callahan and some friends went onto an empty golf course and detonated a metal pipe he had filled with explosive material from fireworks. A nearby homeowner heard the explosion and notified the police. The police found a metal pipe and two broken end caps, with a hole drilled into one of the caps. The fire marshal determined that this pipe had been purchased from a Home Depot store, and discovered that Callahan was the only person who had purchased these materials within the preceding month. When law enforcement went to Callahan's home to execute a search warrant, he agreed to answer questions at the police station. During questioning, Callahan acknowledged that the metal pipe was his and that he had built it by removing powder from fireworks, putting the powder into the pipe, drilling a hole into an end cap to insert a fuse, and sealing the pipe. He stated that he intended to make a "fountain firework," but that he had screwed the end caps on too tightly. He also stated that he had a second device assembled in the same manner back at his residence. When the police searched appellant's home, they found the second device. They also located his cell phone, which contained numerous text messages indicating that he had arranged to assemble a bomb, intending to set it off with friends before returning to college at the end of the summer.

II. EXPLOSIVE DEVICES AND FIREWORKS UNDER THE CODE

Although Callahan styles his first assignment of error as a question of statutory interpretation, it is more clearly understood as a question of fact: could any rational fact-finder have found that the devices in Callahan's possession were explosive devices, as opposed to fireworks? Viewing the evidence admitted at trial, we conclude that the Commonwealth presented sufficient evidence to support Callahan's convictions.

## A. Standard of Review

"'When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it.'" Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

## B. Definitions

In Virginia, it is a Class 5 felony to "(i) possess[ ] materials with which fire bombs or explosive materials or devices can be made with the intent to manufacture fire bombs or explosive materials or devices or, (ii) manufacture[ ], transport[ ], distribute[ ], possess[ ] or use[ ] a fire bomb or explosive materials or devices." Code § 18.2-85. A "device" is "any instrument, apparatus or contrivance, including its component parts, that is capable of producing or intended to produce an explosion *but shall not include fireworks as defined in § 27-95*." Id. (emphasis added). A "firework" under Code § 27-95 is: (1) "any firecracker, torpedo, skyrocket, or other substance or object, of whatever form or construction, that contains any explosive or inflammable compound or substances," (2) "*and is intended, or commonly known as fireworks*," (3) "and which explodes, rises into the air or travels laterally, or fires projectiles into the air." (Emphasis added).

## C. Analysis

The definitions of explosive devices and fireworks contain some overlap. However, a fact-finder may not find that a device was a firework without finding that it was "intended, or commonly known as fireworks." Id. The Commonwealth presented ample evidence that Callahan

did not consider the devices to be fireworks, but instead considered them bombs. For example, evidence at trial included text messages between Callahan and "Shirly" exchanged less than a month before the incident:

> [Shirly]: That's fun. When are we hanging out with everyone? We miss you.
> [Callahan]: IDK. Haha I'm only asked to when it's a young life party.
> [Shirly]: GAY. We all need to hang out before you guys leave. Let's blow something up or something. How is the go kart?
> [Callahan]: Lol I do enjoy blowing things up. A good I'm just lazy haha.
> [Shirly]: Make a bomb before you guys leave :)
> [Callahan]: I think I can do that.
> [Shirly]: Really? Let us know when it's ready. Hopefully we will all hang out before then.
> [Callahan]: Will do.

On the evening of the explosion, Callahan attempted to send a group text message to "Jung," "Dappy P," Nate N," "Matt M," and "Juan Nav" asking "what's everyone doing around 9?" The message failed to send. One minute later, Callahan texted Shirly that he "can't send it [sic] receive group messages can you ask everyone what they're doing," to which Shirly replied that she was "with Nate[,] Jung and Danny" and that "They're down to do it at 9." Within a minute, Callahan texted "Juan Nav," asking "Want to make boom at 9 tonight[?]" Shortly after 9:00 p.m. that evening, Callahan and his friends detonated the device.

Together, these messages show that Callahan planned to "make a bomb" and set it off with friends before he returned to college. Less than a month later, in late August (when college students typically return to campus), Callahan texted friends about coming over and making "boom." That evening, he set off one of two identical devices. A neighbor described the sound of the explosion as a "loud boom, and it was to the extent that it shook my house that I thought something massive, like an airplane, had crashed." The devices were metal pipes, sealed at both

ends but for a small drill hole for a fuse, and filled with explosive material taken from fireworks. In sum, ample evidence spoke to Callahan's understanding that these were explosive devices.

By comparison, the only evidence suggesting that Callahan thought of these devices as fireworks, not bombs, was what he told law enforcement during questioning. "'In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.'" Flanagan v. Commonwealth, 58 Va. App. 681, 702, 714 S.E.2d 212, 222 (2011) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998)). Accordingly, because sufficient evidence supported the jury's conclusion that Callahan meant to make a bomb, not a firework, we find no error.[1]

### III. POSSESSION OF AN ILLEGAL FIREWORK AS A LESSER-INCLUDED OFFENSE

Callahan next contends that the court should have instructed the jury on possession of an illegal firework, a misdemeanor under the Loudoun County Fire Code, as a lesser-included offense.

#### A. Standard of Review

This assignment of error requires assessing and comparing the elements of each offense under the Virginia Code and Loudoun County Fire Code. "This Court reviews issues of statutory construction de novo." Burns v. Commonwealth, 279 Va. 243, 250, 688 S.E.2d 263, 266 (2010) (citing Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007)).

#### B. Legal Standards and Elements of Offenses

When determining whether an offense is lesser-included, we consider the following:

> "Whether one offense is a lesser included offense of the other depends upon whether the elements of the greater offense necessarily include all elements of the lesser." Fontaine v.

---

[1] Furthermore, we note that the trial court expressly instructed the jury that an explosive device "shall not include fireworks" (Instruction 7) and provided the statutory definition of a firework (Instruction 8). Thus, the jury necessarily found that the device exploded on the golf course was not a firework. As noted above, the evidence supports that conclusion.

> Commonwealth, 25 Va. App. 156, 164, 487 S.E.2d 241, 245
> (1997), overruled on other grounds by Edwards v. Commonwealth,
> 41 Va. App. 752, 765, 589 S.E.2d 444, 450 (2003) (en banc).
> "[W]here every commission of the [claimed] greater offense is also
> a commission of the [claimed] lesser offense" and the claimed
> lesser offense "'is composed entirely of elements that are also
> elements of the [claimed] greater offense,'" "a lesser[-included]
> offense may be deemed to exist." Sanchez v. Commonwealth, 32
> Va. App. 238, 241, 527 S.E.2d 461, 463 (2000) (quoting
> Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d
> 279, 283 (1989)).

Simon v. Commonwealth, 58 Va. App. 194, 202-03, 708 S.E.2d 245, 249 (2011) (alterations in

original).

To convict a defendant of felony manufacturing, possessing, or using an explosive device

under Code § 18.2-85, a jury must find: (1) that the defendant manufactured, transported,

distributed, possessed or used an explosive material or device; and (2) that the defendant did so

knowingly and intentionally (the trial court here used the model instruction, Crim. No. G7.750). As

discussed above, fireworks are expressly excluded from the definition of an explosive device.

Loudoun County Code of Ordinances ch. 1602 § 3310.1, under "Fire Prevention and Compliance,"

makes it unlawful to:

> transport, manufacture, store, possess, sell, offer for sale, expose for
> sale or to buy, use, ignite or explode any firecracker, torpedo,
> skyrocket, or other substance or thing that contains any explosive or
> inflammable compound or substance, and which explodes, rises into
> the air or travels laterally, or fires projectiles into the air other than
> sparks or those fireworks excepted under the provision of those listed
> in 3310.2 [fireworks approved by the Fire Marshal's Office].

This definition is nearly identical to the definition of fireworks under Code § 27-95, which is

expressly excluded from the definition of explosive materials or devices under Code § 18.2-85.

*C. Analysis*

"'An offense is not a lesser-included offense of a charged offense unless *all* its elements

are included in the offense charged.'" Simon, 58 Va. App. at 203, 708 S.E.2d at 249 (quoting

- 6 -

Commonwealth v. Dalton, 259 Va. 249, 253, 524 S.E.2d 860, 862 (2000)). Here, the purported lesser-included offense includes an element that the greater offense does not: the contraband must be a firework. To convict a defendant under Code § 18.2-85, the item must *not* be a firework. Accordingly, possession of an illegal firework is not a lesser-included offense, and the trial court correctly declined to so instruct the jury.

## IV. ATF AGENT TESTIMONY ABOUT "PIPE BOMBS"

Finally, Callahan argues that the trial court erred in allowing testimony from an ATF agent as to the nature of "pipe bombs." Callahan states that he "is not asking for a new trial based on this Assignment of Error," but rather that it "needs to be considered only if the case is reversed and remanded" based upon the preceding alleged errors. Accordingly, because this Court finds no merit to the preceding assignments of error, Callahan seeks no relief here, so no question remains before us to consider.[2]

## V. CONCLUSION

For the foregoing reasons, the Court finds no error and affirms.

Affirmed.

---

[2] Moreover, "[d]ecisions on the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion." Mitchell v. Commonwealth, 25 Va. App. 81, 84, 486 S.E.2d 551, 552 (1997). The devices at issue were sealed metal pipes filled with explosive material. The charges were for felony possession of explosive material or devices. The agent was an expert in "design, manufacture, and effects of explosive and incendiary devices." The trial court did not abuse its discretion in admitting the agent's testimony.