COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Russell and Senior Judge Haley
Argued at Fredericksburg, Virginia


ERMIAS SAMSON

                                                MEMORANDUM OPINION* BY
v.        Record No. 0528-16-4                  JUDGE MARY GRACE O'BRIEN
                                                MAY 2, 2017
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Brian E. Conaway (Rifkind Patrick LLC, on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Ermias Samson ("appellant") was convicted of possession with intent to sell marijuana in

violation of Code § 18.2-248.1(a)(2).  He appeals his conviction, asserting that "[t]he circuit court

erroneously prohibited [him] from introducing exculpatory fingerprint [evidence] under an

incorrect reading of Code of Virginia § 19.2-187."

BACKGROUND

On April 1, 2015, Officer Jansen Adkins was patrolling the 400 block of North Armistead

Street.  Officer Adkins noticed a parked vehicle with two occupants in the parking lot of an

apartment complex.  He circled the parking lot, waited in the back of the complex for ten

minutes, and drove around again.  Officer Adkins observed the same two individuals in the

vehicle.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

As Officer Adkins walked toward the vehicle, the person in the driver's seat stepped out of the car and walked away. The officer approached the passenger side and noticed rolling papers in the driver's seat. Appellant, who was sitting in the passenger seat, opened the door, and the officer immediately smelled a strong odor of marijuana. Officer Adkins observed a white plastic bag between appellant's feet. He asked appellant for the bag, but appellant "refused to touch it and then purposely moved out of the way of it, and stated several times that he didn't want to touch it." The officer searched the vehicle and found that the white plastic bag contained smaller individual baggies of marijuana. During his search of appellant, Officer Adkins also found a Ziploc bag containing marijuana, three cell phones, and seven dollars.

Appellant was indicted for possession with intent to sell marijuana. On November 10, 2015, immediately before the commencement of a jury trial for the offense, the Commonwealth moved to prohibit appellant from introducing a certificate of analysis from the Virginia Department of Forensic Science for fingerprint testing that was performed on the white plastic bag and the baggies found inside. The Commonwealth had provided the certificate to appellant prior to trial as exculpatory evidence, because the testing indicated that the fingerprints on the bags belonged to the driver of the vehicle, not appellant.

During the motion, the Commonwealth explained that although the certificate was provided to appellant, the Commonwealth did not subpoena the forensic scientist because the analysis did not contain helpful information for the prosecution. The Commonwealth also did not file the certificate with the clerk's office because it did not intend to introduce it at trial. Appellant acknowledged that he did not file the certificate with the clerk prior to trial.

The court held that pursuant to Code § 19.2-187, "unless the certificate was filed seven days before . . . then under the statute, it's not admissible, by either party," and granted the

Commonwealth's motion to exclude the certificate. The jury found appellant guilty, and this appeal followed.

## ANALYSIS

Appellant argues that the court erroneously prohibited him from introducing the exculpatory certificate of analysis because the court incorrectly interpreted Code § 19.2-187.

"A trial court's exercise of discretion to admit or exclude evidence will not be overturned on appeal unless the court abused its discretion." Sprouse v. Commonwealth, 53 Va. App. 488, 491, 673 S.E.2d 481, 482 (2009). However, the court's interpretation of Code § 19.2-187 is a question of law that we review *de novo*. Burns v. Commonwealth, 279 Va. 243, 250, 688 S.E.2d 263, 266 (2010); Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007).

Code § 19.2-187 states, in pertinent part:

> In any hearing or trial of any criminal offense . . . a certificate of analysis of a person performing an analysis or examination, duly attested by such person, shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, *provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the proceeding if* the attorney for the Commonwealth intends to offer it into evidence in a preliminary hearing or *the accused intends to offer it into evidence in any hearing or trial*, or (ii) the requirements of subsection A of § 19.2-187.1 have been satisfied and the accused has not objected to the admission of the certificate pursuant to subsection B of § 19.2-187.1.

(Emphasis added).

In this case, the certificate of analysis was not admissible under Code § 19.2-187(i). Subsection (i) requires the certificate to be "filed with the clerk of the court hearing the case at least seven days prior to the proceeding if . . . the accused intends to offer it into evidence in any hearing or trial." Code § 19.2-187. Appellant concedes that neither party filed the certificate prior to trial.

However, appellant argues that the certificate was admissible under Code § 19.2-187(ii), because he did not object to its admission. We disagree. Code § 19.2-187(ii) allows admittance of a certificate when "the requirements of subsection A of § 19.2-187.1 have been satisfied and the accused has not objected to the admission of the certificate pursuant to subsection B of § 19.2-187.1."

Code § 19.2-187.1(A) states: "[i]n any trial and in any hearing other than a preliminary hearing, *in which the attorney for the Commonwealth intends to offer a certificate of analysis into evidence* in lieu of testimony pursuant to § 19.2-187, the attorney for the Commonwealth shall" provide a copy of the certificate to defense counsel, give notice to the accused of his right to object to admittance of the certificate without the forensic scientist's testimony, and "[f]ile a copy of the certificate and notice with the clerk." (Emphasis added).

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun Cty. Dep't of Soc. Servs. v. Etzold, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993). Interpreting the plain language of the statute, Code § 19.2-187.1 establishes the requirements for admission of a certificate of analysis only when the *Commonwealth* intends to offer it into evidence. In this case, the defense, not the Commonwealth, sought to admit the certificate. Accordingly, Code § 19.2-187.1 does not apply and appellant could not seek to admit the certificate pursuant to that code section. Further, Code § 19.2-187.1(A)(3) also requires that the certificate be filed with the clerk "on the day that the certificate and notice are provided to the accused." In this case, neither party filed the certificate.

"The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction; a statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). Code

- 4 -

§ 19.2-187 clearly states that for a certificate of analysis to be admissible in lieu of testimony, the moving party must file it with the clerk at least seven days prior to the proceeding. Allowing the defendant to admit the certificate under Code § 19.2-187.1 without meeting the filing requirement under Code § 19.2-187 would lead to a contrary, absurd result. Further, a general principle of statutory construction requires this Court to apply "the more specific enactment . . . over the more general." Eastlack v. Commonwealth, 282 Va. 120, 126, 710 S.E.2d 723, 726 (2011). Accepting appellant's interpretation of the statutes would eviscerate the specific requirement under Code § 19.2-187(i) that the defendant must file the certificate with the clerk seven days before trial.

## CONCLUSION

Because appellant did not comply with the filing requirement under Code § 19.2-187, and Code § 19.2-187.1 is not applicable when the defendant seeks to admit a certificate of analysis, the trial court did not err in excluding the certificate at trial. Accordingly, we affirm the court's ruling.

Affirmed.